## W. O. CRENSHAW *v.* W. B. KEEN'S ADM'R.

**Parties—Partners.**

One who alleges that he is a partner of a defendant, and exhibits the articles of partnership, shows sufficient interest in the result of the litigation, as to entitle him to be made a party to the action.

### APPEAL FROM SCOTT CIRCUIT COURT.

January 17, 1873.

OPINION BY JUDGE PRYOR:

In the amended petition filed by Keen's administrator against Ashurst and Brother it is alleged that the mortgage includes all the improvements, buildings, etc., upon the factory lot and all the machinery and apparatus thereon the 7th of February, 1871.

The judgment foreclosing the mortgages is to sell the whole of this property, or so much as will pay the debts.

Crenshaw alleges that he became a partner in the firm of Adent & Bro. in the year 1867 and paid into the partnership to be invested in the enterprise ten thousand dollars or upwards. The money was used as alleged for the purposes of the partnership and a large portion of the machinery now sought to be sold by the judgment of the appellees, was purchased and placed in the mill whilst he was a partner; that the greater portoin of his money is still due him. He exhibits the articles of partnership, and we think manifests such an interest in the result of the litigation as to require the court to make him a party so that he can assert his claim in the present equitable action, by the creditors of the other partners to subject it to the payment of their debts. The only cause of complaint Crenshaw has is in the refusal of the court to make him a party. The remaining errors assigned, if they exist, are not complained of by the parties affected by them. It being error,

however, to refuse the appellant the right to be heard in the present action.

The judgment must be reversed and cause remanded so as to permit him to be made a party to the action and for further proceedings consistent herewith.

*Polk, for appellant.*

*Robinson, for appellee.*

